No. 1594.—WALTER L. CAMPBELL *v.* CHARLES WATERS AND MARY A. WATERS.

Where a payment has been made on a promissory note which was given for the price of slaves, and a new note was executed for the balance due, the collection of the second note cannot be judicially enforced on account of the failure of consideration.

APPEAL from the Fourth District Court of New Orleans. *Théard,* J. *Clark & Bayne,* for plaintiff and appellee. *Race, Foster & E. T. Merrick,* for defendants and appellants.

TALIAFERRO, J. The defendants are sued on a promissory note for $3337 70, with interest at eight per cent. per annum from the thirtieth October, 1862. The defense is a failure of consideration, the note having been given for the payment of the price of slaves. The plaintiff meets this plea by contending that the original debt was novated, as shown by the defendants themselves. Judgment was rendered in favor of the plaintiff, and the defendants have appealed.

It appears that in April, 1860, the defendants purchased from plaintiff two slaves, at the price of $3564, for which they executed their promissory note. Subsequently, in December, 1861, they paid the plaintiff six hundred dollars and executed a new note, the one sued on, for $3337 70. This note was drawn payable to the commercial firm of Fellows & Co., and was by them indorsed; and it was further secured by a mortgage to them or to any future holder of the note, on the two slaves purchased from the plaintiff. It is evident that the new note was taken for the remainder of the price of the slaves, after the payment of six hundred dollars was made on the original note. The second note, the one sued upon, is therefore vitiated from the same cause that rendered null the first note.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that there be judgment in favor of the defendants, releasing them from all obligation to pay the note sued on, the plaintiff and appellee paying costs in both courts.